McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
ZACHARY SMITH, ESQ. (CA #078241)
MICHELLE L. SAMONEK, ESQ. (CA #216001)
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.444.8334

NUTTER, MCCLENNEN & FISH, LLP
JOSEPH F. SHEA, Esq. (MA #555473)
RONALD E. CAHILL, Esq. (MA #638200)
EDWARD BAKER, Esq. (MA #651171)
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2604
Phone: 617.439-2000
Fax:    617-310-9000
(*Pro Hac Vice* Applications to be Submitted)

Attorneys for Plaintiff
TELE-PUBLISHING, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELE-PUBLISHING, INC., | No. |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CHICO COMMUNITY PUBLISHING, INC., d/b/a Sacramento News and Review, | |
| Defendant. | |

This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, §§ 281-285.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and §§ 1338(a), 2201, and 2202.

2. This Court has personal jurisdiction over the defendant because, *inter alia*, the defendant is a citizen of California.

1

**COMPLAINT AND DEMAND FOR JURY TRIAL**                                                                                                                 839552v1 99999/0001

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(b).

## PARTIES

4.  Plaintiff Tele-Publishing, Inc. ("TPI") is a corporation organized and existing under the laws of Massachusetts with a principal place of business at 126 Brookline Avenue, Boston, Massachusetts, 02215.

5.  Upon information and belief, defendant Chico Community Publishing, Inc., d/b/a Sacramento News and Review ("Chico") is a California corporation with a principal place of business in Sacramento, California.

## FIRST CLAIM FOR RELIEF

**(Infringement of U.S. Patent Number 5,913,212)**

6.  On June 15, 1999, United States Patent Number 5,913,212 (the "'212 Patent"), entitled "Personal Journal," was duly and legally issued by the United States Patent and Trademark Office. TPI owns the '212 Patent by assignment. A true and correct copy of the '212 Patent is attached hereto as **Exhibit A**.

7.  Chico has been and is directly infringing, actively inducing others to infringe, and/or contributing to or inducing the infringement of the '212 Patent in this district and elsewhere.

8.  Upon information and belief, Chico will continue to infringe the '212 Patent unless and until it is enjoined by this Court.

9.  Upon information and belief, Chico's' infringement of the '212 Patent is taking place with knowledge of the '212 Patent and is willful. By continuing to commit acts of infringement with full knowledge of the '212 Patent, Chico has failed to meet the required standard of care to avoid a finding of willful infringement.

10. Chico has caused and will continue to cause TPI irreparable injury and damage by infringing the '212 Patent. TPI will suffer further irreparable injury, for which TPI has no adequate remedy at law, unless and until Chico is enjoined from infringing the '212 Patent.

## SECOND CLAIM FOR RELIEF

**(Infringement of U.S. Patent Number 6,249,282)**

11. On June 19, 2001, United States Patent Number 6,249,282 (the "'282 Patent"),

entitled "Method and Apparatus for Matching Registered Profiles," was duly and legally issued by the United States and Patent Trademark Office. TPI owns the '282 Patent by assignment. A true and correct copy of the '282 Patent is attached hereto as **Exhibit B**.

12. Chico has been and is directly infringing, actively inducing others to infringe, and/or contributing to or inducing the infringement of the '282 Patent in this district and elsewhere.

13. Upon information and belief, Chico will continue to infringe the '282 Patent unless and until it is enjoined by this Court.

14. Upon information and belief, Chico's infringement of the '282 Patent is taking place with knowledge of the '282 Patent and is willful. By continuing to commit acts of infringement with full knowledge of the '282 Patent, Chico has failed to meet the required standard of care to avoid a finding of willful infringement.

15. Chico has caused and will continue to cause TPI irreparable injury and damage by infringing the '282 Patent. TPI will suffer further irreparable injury, for which TPI has no adequate remedy at law, unless and until the Defendants are enjoined from infringing the '282 Patent.

WHEREFORE, TPI prays that this Court:

A. Enter judgment that Chico has infringed the '212 and '282 Patents;

B. Order Chico and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them from infringing the '212, and '282 Patents;

C. Award TPI damages in amounts sufficient to compensate it for Chico's infringement of the '212 and '282 Patents, together with prejudgment and post judgment interests and costs, pursuant to 35 U.S.C. § 284;

D. Treble the damages awarded to TPI against Chico, by reason of Chico's willful infringement of the '212 and '282 Patents;

E. Declare this case to be "exceptional" under 35 U.S.C. § 285 and award TPI its attorneys' fees, expenses, and costs incurred in this action; and

F. Award TPI such other relief as this Court deems just and appropriate.

/ / /

/ / /

## DEMAND FOR JURY TRIAL

TPI hereby demands a trial by jury on all issues so triable.

DATED: July 1, 2005

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law


By: /s/Zachary Smith
ZACHARY SMITH
Attorneys for Plaintiff
TELE-PUBLISHING, INC.